UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON R. COSTA,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>             Defendant. | ) Case No. ED CV 07-1049-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration (the "Agency"), denying his application for Supplemental Security Income benefits. Because the Agency's decision that Plaintiff was not disabled is not supported by substantial evidence, the decision is reversed and the case is remanded for further proceedings.

    Plaintiff's treating psychiatrist opined that Plaintiff had severe limitations that precluded him from working. (Administrative Record ("AR") 329-32.) In concluding that Plaintiff could work, the Administrative Law Judge ("ALJ") relied on the opinion of an examining psychiatrist who found that Plaintiff was not so limited. (AR 20,

462-69.)  Plaintiff complains that the ALJ failed to explain why he chose to accept the examining psychiatrist's opinion over the treating psychiatrist's opinion.  (Joint Stip. at 3-4.)

The Agency concedes that the ALJ did not explain why he rejected the treating psychiatrist's opinion but argues that he was not required to do so.  (Joint Stip. at 4-5.)  In the Agency's view, the ALJ was only required to set forth a detailed summary of the facts and conflicting evidence--along with his interpretation of them--and make findings, citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  (Joint Stip. at 4.)  For the following reasons, the Court disagrees.

"By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Where, as here, the treating physician's opinion is contradicted by other medical evidence in the record, an ALJ may not reject it without providing specific and legitimate reasons for doing so which are supported by substantial evidence in the record.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The Court rejects the Agency's argument that the ALJ was not required to set forth specific and legitimate reasons for rejecting the treating psychiatrist's opinion.  Though *Thomas* does state that the ALJ need only chronicle the medical evidence, set forth his interpretation of it, and make findings, the Court concludes that the law requires more.

To begin with, the language in *Thomas* is dicta.  The ALJ in *Thomas* had set forth specific and legitimate reasons for rejecting the treating doctor's opinion.  *Thomas*, 278 F.3d at 958 ("[T]he ALJ acted

in accordance with his responsibility to determine the credibility of medical evidence, and he gave specific, legitimate reasons for discrediting particular opinions."). Thus, any purported approval of another method to reject the treating physician's opinion was not necessary for the decision and is, therefore, not the court's holding.

Tracing the origins of the language in *Thomas* also supports the Court's conclusion that it does not reflect the state of the law. The court in *Thomas* got this language from *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), which lifted similar language from *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986), *superseded by statute as stated in Bunnell v. Sullivan*, 912 F.2d 1149, 1154 (9th Cir. 1990), which took it from *Swanson v. Sec'y of Health and Human Services*, 763 F.2d 1061, 1065 (9th Cir. 1985). In all three cases, the language was also dicta. In *Magallanes* and *Swanson*, the ALJ had set forth specific reasons why the treating doctor's opinion was not entitled to deference, so there was no need to explain an alternative method of rejecting the treating doctor's opinion. *Magallanes*, 881 F.2d at 751-55; *Swanson,* 763 F.2d at 1065 ("The ALJ also considered and rejected the opinion of Dr. Wyatt, the treating physician, that the claimant was totally disabled prior to August 19, 1980.").

In *Cotton*, despite the court's statement that the ALJ only had to set forth a summary of the facts, his interpretation, and his findings, the court reversed the ALJ for failing to provide specific and legitimate reasons for rejecting the treating physician's opinion. *Cotton*, 799 F.2d at 1408 (reversing ALJ and explaining that "the Secretary must provide a reasoned rationale for disregarding a particular treating physician's findings. Even if [the treating physician's] evidence was controverted, the ALJ had to provide at

least specific, legitimate reasons for rejecting it.") (internal quotation marks and citation omitted). The Court also notes that in all four cases--*Thomas, Magallanes, Cotton,* and *Swanson*--the circuit court included black letter law that the ALJ was required to set forth specific and legitimate reasons for rejecting a treating doctor's opinion. *Thomas,* 278 F.3d at 957; *Magallanes*, 881 F.2d at 751; *Cotton*, 799 F.2d at 1408; *Swanson*, 763 F.2d at 1064. This, too, suggests that the court was not forging new ground in any of these decisions.

More recently, the Ninth Circuit has made clear that an ALJ is required to explain his reasons for rejecting a treating doctor's opinion. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); and *Orn,* 495 F.3d at 632 (holding an ALJ may not reject the opinion of a treating physician "without providing specific and legitimate reasons supported by substantial evidence in the record"). For these reasons, the Agency's argument that *Thomas* establishes an alternative method for rejecting a treating doctor's opinion is overruled.

So, too, is the Agency's argument that the ALJ in the case at bar did not need to set forth his reasons for rejecting the treating doctor's opinion because it was not "crucial" to the outcome of the case. (Joint Stip. at 4.) The Agency contends that the opinion was not crucial because it was rendered in November 2003, "nearly two years before the denial of Plaintiff's 2005 disability matter," and, therefore, the ALJ was not required to address it. (Joint Stip. at 5.) The Court does not understand this argument. There appears to be no support--and the Agency has not cited any--for the proposition that an ALJ can silently reject a treating doctor's opinion if he

(silently) concludes that the opinion is not "crucial." Nor is there any support for the proposition that a doctor's report is not crucial to a disability determination if it is prepared two years before the Agency rules on the disability claim. The ALJ was tasked with determining whether Plaintiff's condition had deteriorated between 1999--when the first application was denied--and 2005--when the second application was submitted. The treating doctor's opinion in-between those two dates is relevant to that inquiry. The Agency's arguments to the contrary are rejected.

The ALJ's failure to state reasons for rejecting the treating psychiatrist's opinion mandates reversal. On remand, the ALJ must reconsider the doctors' opinions. If he determines that the treating doctor's opinion should not be followed, he must set forth the reasons supporting that determination.

In his second claim of error, Plaintiff complains that the ALJ failed to consider a third-party questionnaire submitted by his friend, John Azevedo. (Joint Stip. at 7-9, 11-12.) In that questionnaire, Azevedo reported that Plaintiff had severe problems coping with everyday life and needed help. (AR 111-16.) Plaintiff argues that the ALJ's failure to discuss this testimony constituted error requiring reversal.

The Court agrees with Plaintiff that the ALJ's failure to discuss Azevedo's statement was error, but concludes that any error was harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding harmless error standard applies to ALJ's failure to discuss lay witness statements). An error is harmless in this context if the Court can confidently conclude that no reasonable ALJ, when fully crediting the testimony, would have concluded that

Plaintiff was disabled. *Id.* Azevedo's statement was dated September 1998. (AR 116.) Thirteen months after he prepared it, the Agency denied Plaintiff's claim that he was disabled. (AR 36-40.) Plaintiff never appealed that decision. Thus, it is the law of the case. For Plaintiff to prevail on his current application, he had to show that his condition had worsened since October 1999, or that he had a new condition that had not been considered by the first ALJ. *See Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988). The September 1998 statement by Azevedo that Plaintiff suffered from depression and forgetfulness--issues that were dealt with in the October 1999 decision (AR 36-40)--had little or no impact on whether Plaintiff's condition had changed since October 1999. As such, the Court can confidently conclude that no reasonable ALJ, after fairly crediting as true Azevedo's statement, would have concluded that Plaintiff was disabled.

Finally, Plaintiff contends that the ALJ erred when he failed to include the treating doctor's limitations in the hypothetical question posed to the vocational expert. The Agency concedes that the ALJ did not include those limitations, but argues that he did not have to because he rejected the treating doctor's opinion. This issue is reserved for the ALJ on remand. If he concludes that the treating doctor's opinion should be accepted, he should include the treating

doctor's limitations in the hypothetical question to the vocational expert. If he concludes that the treating doctor's opinion should be rejected, he need not include those limitations.

IT IS SO ORDERED.

Dated: February 23, 2009.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\COSTA, V 1049\Opinion.wpd